```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
```

**JOSE CASTELLANOS**                                    **CIVIL ACTION**

**VERSUS**                                              **NO. 16-2501**

**SAINTS & SANTOS CONSTRUCTION,**                       **SECTION "B"(2)**
**L.L.C., ET AL.**

                      **ORDER AND REASONS**[*]

**I.   NATURE OF MOTIONS AND RELIEF SOUGHT**

Before the Court is Defendants', Saints & Santos Construction, LLC ("Saints & Santos"), Wiliomar Oliveira, and Jose Santamaria, "Exception of Improper Service and No Cause of Action" (Rec. Doc. 19), treated as a motion under the Federal Rules of Civil Procedure.[1] Also before the Court is Plaintiff's, Jose Castellanos, responsive pleadings thereto (Rec. Doc. 20). Defendants seek dismissal of Plaintiff's claims under the Fair Labor Standards Act ("FSLA"), 29 U.S.C § 201. Specifically, Defendants seek involuntary dismissal with prejudice of Plaintiff's Complaint against Defendant Santamaria for improper service pursuant to Rule 12(b)(5), and against all three defendants for failure to state a cause of action pursuant to Rule 12(b)(6).

For the reasons stated below, **IT IS ORDERED** that the Motion is **GRANTED in part** and **DENIED in part**.

---

[*] We are grateful for work on this matter by Michael W. Moore, Jr., a Loyola University New Orleans College of Law extern with our Chambers.
[1] "Exceptions" are the state court counterparts and should not be used in the future here.

## II. FACTS AND PROCEDURAL HISTORY

Defendants Oliveira and Santamaria are owners of Saints & Santos, who Plaintiff alleges had the ability to hire and fire all Saints & Santos workers. (Rec. Doc. 14 at 1-2). In June 2015, Plaintiff was hired by Saints & Santos. (Rec. Doc. 14 at 5). Plaintiff installed, painted, and finished drywall for the Defendant in various sites throughout Louisiana. (Rec. Doc. 14 at 5). Plaintiff was paid with two separate checks, one for forty hours at a rate of $16 per hour, and another for any time in excess of the forty hours. (Rec. Doc. 14 at 5). All checks bore the name of Saints & Santos. (Rec. Doc. 14 at 6).

Plaintiff alleges that Defendants are "employers" within the meaning of the FLSA, 29 U.S.C §§ 203(d), (r)(1), and that the Defendants are an enterprise engaged in commerce or in the production of goods for commerce under the FLSA, 29 U. S. C § 203(s)(1), due to their business of constructing various buildings in the Greater New Orleans area. (Rec. Doc. 20 at 2). In his complaint, Plaintiff alleges that he worked approximately fifty-five to sixty hours a week, and that Defendants never paid him at the required rate, of one and a half times his hourly rate or $24, for any hours worked in excess of forty; thus willfully disregarding their obligations under the FSLA. (Rec. Doc. 14 at 2). Plaintiff likewise maintains that it was the customary practice of Saints & Santos to neglect their obligations under the FSLA,

2

and that there are other similarly situated individuals. (Rec. Doc. 14 at 2). Plaintiff filed the present action on March 28, 2016, seeking on behalf of himself and all others similarly situated, unpaid overtime wages, liquidated damages, attorney's fees, and any other general and equitable relief that the court finds reasonable. (Rec. Doc. 1 at 1).

**III. CONTENTIONS OF THE PARTIES**

    **A. Contentions of Movants**

Defendants contend that Plaintiff improperly served Defendant Santamaria in accordance with Federal Rule of Civil Procedure 12(b)(5), thus warranting his dismissal from the suit. Defendants further aver that Plaintiff failed to state a cause of action under which adequate relief may be granted, therefore concluding that the entire suit should be dismissed in accordance with Fed. R. Civ. P. 12(b)(6). Defendants argue that such a dismissal is warranted because Plaintiff failed to show that Defendants are employers under the meaning of the FSLA. In the alternative, Defendants maintain that the suit should be dismissed against the individual Defendants because Plaintiff failed to pierce the corporate veil, and consequently cannot sue Defendants Oliveira or Santamaria individually.

    **B. Contentions of Opponent**

Plaintiff does not oppose Defendants' 12(b)(5) motion to dismiss Defendant Santamaria for insufficient service of process.

However, Plaintiff argues that he adequately stated a cause of action, as he satisfied all four requirements for alleging a claim for unpaid overtime wages under the FLSA. Plaintiff additionally contends that Defendants' third contention was a fundamental misunderstanding of federal law, and that under the FSLA, a plaintiff is not required to pierce the corporate veil.

**IV. LAW AND ANALYSIS**

**A. Motion to Dismiss Pursuant to Rule 12(b)(5)**

Under the Federal Rules, dismissal is warranted for insufficient service of process. In the absence of valid service of process, proceedings against a party are void. *Aetna Business, Inc. v. Universal Décor & Interior Design*, 635 F. 2d 434, 435 (5th Cir. 1981). Because both parties agree that service was improper, Defendant Santamaria is hereby dismissed from the suit without further discussion.

**B. Motion to Dismiss Pursuant to Rule 12(b)(6)**

The Federal Rules also allow a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Such a motion is rarely granted because it is viewed with disfavor. *See Lowrey v. Tex. A & M Univ. Sys.* 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)). When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light

4

most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)) (internal quotation marks omitted). The Supreme Court in *Iqbal* explained that *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1950. First, courts must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. Legal conclusions "must be supported by factual allegations." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949.

Upon identifying the well-pleaded factual allegations, courts "assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id*. at 1950. A claim has facial plausibility when the movant pleads factual content that allows the court to draw the reasonable inference that the nonmovant is liable for the misconduct alleged. *Id*. at 1949. This

is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

### 1. Application of the FSLA

In order to bring a claim for unpaid overtime compensation under the FLSA, an employee must show "by a preponderance of the evidence: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627,630 (5th Cir. 2014). Defendant challenges only the first element, alleging that there was no employer-employee relationship. (Rec. Doc. 19 at 1). Accordingly, this Court addresses only that element.

Employer is defined by the FSLA as "any person acting directly or indirectly in the interest of an employer relation to an employee." *Williams v. Henagan*, 595 F. 3d 610,620 (5th Cir. 2010)(citing 29 U.S.C § 203(d), (e)). Courts have used the "economic reality test" to determine who is an employer under the FSLA. *Id*. Under this test, possessing the power to hire and fire employees, supervising and controlling employee work schedules, determining the rate and method of payment, and maintaining employment records are all indicative of an employer-employee relationship. *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012).

6

In this case, Defendants' only assertion that might indicate the absence of an employer-employee relationship is the fact that Plaintiff used his own tools to paint. This fact is relevant, but ultimately outweighed by the evidence that Defendants provided paint, hired Plaintiff, paid Plaintiff with checks that bore the company name, and had control over Plaintiff's day to day tasks. (Rec. Doc. 14 at 5-6). Accordingly, since there is strong evidence that shows that Defendant Oliveira, as an agent of Saints & Santos, directly controlled Plaintiff's work as an employee, it should be determined that both are employers as defined by the FSLA. Therefore, the motion to dismiss should not be granted on these grounds.

**2. Application of Louisiana Corporate Law under the FSLA**

Under the FSLA, a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable for unpaid wages. *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 195 (5th Cir. 1983), *cert. denied*, 463 U.S. 1207 (1983). Nonetheless, Defendants argue that Plaintiff failed to pierce the corporate veil, and therefore cannot bring suit against Defendant Oliveira.

In this case, Defendant Oliveira not only owned Saints & Santos, but had the direct ability to hire and fire employees, as was already established. Accordingly, he is in the realm of individuals who can be jointly or severally liable for unpaid

7

damages under the FSLA. Therefore, Defendants' claim that Plaintiff failed to pierce the corporate veil is neither relevant nor plausible. Assuming *arguendo* that such a claim could prevail, courts have held that dismissal against individual defendants is not appropriate at the pleading stage. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 247 (5th Cir. 2009). Thus, the motion to dismiss must be denied at this early stage.

**V.   CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion is **GRANTED in part**, dismissing without prejudice claims against Defendant Santamaria for insufficient service, and **DENIED in part** in all other respects against remaining Defendants.

New Orleans, Louisiana, this 20th day of June, 2016.

UNITED STATES DISTRICT JUDGE