UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSE CASTELLANOS                                              CIVIL ACTION

VERSUS                                                        NO. 16-2501

SAINTS & SANTOS CONSTRUCTION,                                 SECTION "B" (2)
L.L.C., ET AL.

### ORDER AND REASONS

Before the Court is Defendant Palmisano, LLC's (hereinafter "Palmisano" or "Defendant") "Motion for Summary Judgement" (Rec. Doc. 32) seeking to dismiss Plaintiff's claims against it on the basis that Palmisano is not the employer or joint employer of Plaintiff under the Fair Labor Standards Act ("FLSA"). Also before the Court is Plaintiff Jose Castellanos' "Plaintiff's Memorandum in Support of Motion to Allow Time for Discovery Under Rule 56 (d) and in Opposition to Defendant's Motion for Summary Judgement" (Rec. Doc. 36.).

For the foregoing reasons **IT IS ORDERED** that Defendant Palmisano's "Motion for Summary Judgement" (Rec. Doc. 32) is **DENIED** without prejudice to reurge.

Plaintiff alleges in his complaint he was not paid for overtime wages violating 28 U.S.C. §§ 207 and 216(b), the FLSA (Rec. Doc. 14). Palmisano is a general contractor performing a construction projection in New Orleans, Louisiana ("the project") (Rec. Doc. 14). Palmisano had subcontracted certain work to

1

Rufino's Painting and Construction, Inc. ("Rufino's") (Rec. Doc. 32-2). In turn, Rufino's contracted out a portion of the project to Saints & Santos Construction, LLC ("S&S")(Rec. Doc. 32-3). S&S, as part of the subcontract, was required to use its own labor and equipment (Rec. Doc. 32-3).

S&S hired Plaintiff as a construction worker to perform labor at the project (Rec. Doc. 14). He was paid at a rate of $16 per hour in checks bearing the name "Saints & Santos Construction." (Rec. Doc. 14). In receiving pay, Plaintiff would receive two checks: an initial check was for the first 40 hours worked at the standard rate and another check issued at an overtime rate for any hours in excess of 40 (Rec. Doc. 14). Plaintiff alleges his overtime checks were not issued at the overtime rate (Rec. Doc. 14).

Plaintiff's original complaint named S&S, but not Palmisano, as a defendant (Rec. Doc. 1). The complaint was later amended to include Palmisano alleging that it had a sufficient employment relationship with Plaintiff regarding the overtime pay (Rec. Doc. 14). Plaintiff's counsel conducted Rule 26(f) conferences with and propounded written discovery to S&S's counsel, but not Palmisano. (Rec. Doc. 39.) Palmisano moved for summary judgement on the basis that it was not Plaintiff's employer under the FLSA (Rec. Doc. 32).

Under Federal Rules of Civil Procedure 56, summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322 (1986). *See also TIG Ins. Co.* v. *Sedgewick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits' which it believes demonstrate the absence of genuine issue of material fact." *Celotex*, 477 U.S. at 323.

Under Federal Rules of Civil Procedure 56(d), when a nonmovant shows for specified reasons that it cannot present facts essential to justify its opposition, the court may defer, deny, allow additional time, or issue any other appropriate order in considering the motion for summary judgement. A non-moving party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010). Instead, it must show (1) why

additional discovery is needed and (2) how the additional discovery will create a genuine issue of fact. *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993). The rule was designed to "safeguard non-moving parties from summary judgement motions that they cannot adequately oppose," and should be "liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

Plaintiffs assert, by declaration, that Palmisano has not been propounded discovery (Rec. Doc. 36). Discovery therein, Plaintiff's claim, will reveal insight into Palmisano's precise nature of record-keeping (Rec. Doc. 36). Plaintiff, a construction laborer, is not in possession of potential employment or payroll records (Rec. Doc. 36). Plaintiff has had no opportunity to review the scope of Palmisano's supervision over the project or powers to fire in relation to the Plaintiff (Rec. Doc. 36). Each of these factors is relevant to the FLSA's economic reality test in considering whether Palmisano is a joint-employer. Under the test, Plaintiff need not demonstrate that every factor be present to potentially find Palmisano as a valid joint-employer. *Grey v. Powers*, 673 F.3d 352, 357 (5th Cir. 2012). Thus, Plaintiff has shown how additional discovery might create genuine issues of material fact rendering the motion for summary judgement premature at this stage.

Plaintiffs concede they cannot surmise the employment relationship with solely their own testimony. (Rec. Doc. 36). Contrary to Plaintiff's Amended Complaint, Defendants assert no factor of the economic reality test has been satisfied (Rec. Doc. 39). Plaintiff received checks in the name of S&S Construction, who were twice removed from Palmisano through subcontracting agreements (Rec. Doc. 32-3). These facts lend to the inference that Palmisano did not pay or supervise Plaintiff's work on the project. However, Plaintiff cannot be barred from asserting facts without requisite discovery since the motion for summary judgement appears to be premature. However, conclusory statements, standing alone, will not foreclose summary judgement in the future.

For the aforementioned reasons,

**IT IS ORDERED** that Defendant Palmisano's "Motion for Summary Judgement" (Rec. Doc. 32) is **DENIED** without prejudice to reurge. The record does not sufficiently show that the Plaintiff was lax in pursuing discovery in its original complaint or when it added Defendant in its amended complaint. **IT IS FURTHER ORDERED** that Plaintiff will be allowed additional discovery, limited to determining whether there is a material factual dispute relative to Plaintiff's contention that Defendant movant is Plaintiff's employer or joint-employer.

New Orleans, Louisiana, this 26th day of October, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE