UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSE CASTELLANOS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-2501** |
| **SAINTS & SANTOS CONSTRUCTION, L.L.C., ET AL.** | **SECTION "B"(2)** |

## ORDER AND REASONS

Before the court are Defendant's, Rufino's Painting and Construction, "Motion for Summary Judgment on Behalf of Jose Castellanos" (Rec. Doc. 100), "Plaintiff's Opposition to Defendant Rufino's Painting & Construction, Inc.'s Motion for Summary Judgment" (Rec. Doc. 123), Defendants Saints and Santos Construction, LLC and Wiliomar Oliveira's "Motion for Summary Judgment" (Rec. Doc. 106) and "Plaintiff's Opposition to Defendants Saints & Santos Construction, LLC and Wiliomar Oliveira's Motion for Summary Judgment" (Rec. Doc. 115). For the reasons mentioned below, **IT IS ORDERED** that Rufino's Motion for Summary Judgment is **GRANTED** and the remaining Defendants' Motion for Summary Judgment is **DENIED. IT IS FURTHER ORDERED** that the claims against Defendant Rufino's in Plaintiff's Motion for Class Certification (Rec. Doc. 60) and court directives for additional briefing are **MOOT.**

Palmisano Contractors, LLC[1] ("Palmisano") is a general contractor that performed a construction project at the Ace Hotel. (Rec. Doc. 14). Palmisano had subcontracted certain work to Rufino's Painting and Construction, Inc. ("Rufino's.") (Rec. Doc. 32-2). In turn, Rufino's contracted out a portion of the project to Saints & Santos Construction, LLC ("S&S.") (Rec. Doc. 32-3). Plaintiff Jose Castellanos alleges he was not properly compensated for overtime while working for S&S at "various job sites in Louisiana." (Rec. Doc. 14). Palmisano, Rufino's, and S&S were named as defendants in this action. (Rec. Doc. 14). Castellanos worked at S&S jobsites. (Rec. Doc. 60-2). Castellanos' primary duties involved manual labor, sanding, painting, and installing drywall. (Rec. Doc. 60-2).

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the

---

[1] Defendant Palmisano was dismissed in this Court's February 24th, 2017 order (Rec. Doc. 93).

nonmovant. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998).

The moving party bears the initial responsibility of informing the district court of the basis for its motion. *Celotex*, 477 U.S. at 323. The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (citing Fed. R. Civ. P. 56). If and when the movant carries this burden, the nonmovant must then go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

"[W]here the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. . . . Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted." *Lindsey v.*

*Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citations omitted). Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

**Defendant Rufino's Motion for Summary Judgment**

In the Fifth Circuit in order to determine whether a worker constitutes a FLSA protected employee the Court conducts an economic realities analysis. *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008). In particular, the court looks at whether "as a matter of economic reality, the worker is economically dependent upon the alleged employer or is instead in business for himself." *Hopkins,* 545 F.3d 338, 343. Under Fifth Circuit jurisprudence the court must consider "five non-exhaustive factors: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship." *Hopkins,* 545 F.3d at 343. However, the Fifth Circuit further explained "no single factor is determinative." *Id.*

Defendant Rufino's argues that there is no indication that the Plaintiff can establish facts that would demonstrate that it was an employer under the economic realities test. This Court

agrees. In their opposition the Plaintiff does not argue that Rufino's meets any of the factors that the Fifth Circuit analyzes. Instead, Plaintiff argues that Defendant Rufino's should be considered a "joint employer" with Defendant Saint's and Santos under the FLSA through either horizontal or vertical liability. Consequently, Plaintiff attempts to establish that Defendant Rufino's is an FLSA employer by contending the actions of Saint's and Santos may satisfy the economic reality test. Essentially upon that basis, Plaintiff argues Rufino's exposure should thereby be conflated in order to extend employer status to both Rufino's and Saint's and Santos.

That proposition lacks factual support and controlling case law. Plaintiff's interpretations of federal statutory laws must have contextual basis. General arguments regarding Rufino's control over Castellanos as a joint employer with Saints and Santos do not constitute persuasive foundation for the proposition that Defendant Rufino's satisfies the economic reality test used by the Fifth Circuit. Plaintiff's arguments regarding Rufino's control over Saint's and Santos are an attempt to circumvent Fifth Circuit precedent. Plaintiff does not allege that Rufino's controlled the Plaintiff. Instead Plaintiff alleges that Rufino's controlled Saint's and Santos and through that relationship Rufino's should qualify as an FLSA employer. Plaintiff understands that based on the evidence found in the record he cannot defeat summary judgment

5

if this Court applies the economic reality test to the relationship between Plaintiff and Rufino's.

Yet, the Plaintiff does not point to any case law that would allow for this derivative liability to allow a Plaintiff to defeat a summary judgment motion against a party who otherwise would not qualify as an FLSA employer. Plaintiff's interpretations of federal statues are not binding on this Court, especially given the clear standards that the Fifth Circuit has held must govern the analysis of employer status determinations.

Plaintiff has not proffered any facts that Defendant Rufino's can meet any of the five factors used by the Fifth Circuit. The fact that Saint's and Santos may meet these factors does not absolve the Plaintiff from establishing that Defendant Rufino's must independently qualify as an FLSA employer. Given that the Plaintiff cannot establish that there are material disputed facts regarding whether or not Rufino's is an employer under the FLSA as determined by the economic reality test, summary judgment as to Plaintiff's claims against Defendant Rufino's is appropriate.

**Defendants Saints and Santos and Wiliomar Oliveira's Motion for Summary Judgment**

The remaining Defendants argue that under the aforementioned Fifth Circuit factors, they are also entitled to summary judgement

because there are no material factual disputes regarding their non-employer status under the FLSA. This Court disagrees.

1. <u>Degree of Control Exercised by the Employer</u>

The Defendants argue that they did not exert control over the Plaintiff's work schedule because his hours varied from week to week (Rec. Doc. 106-4). As a result of the varied hours the Defendants ask this court to make an inference that the Plaintiff controlled his own hours and therefore this factor would be weighed in favor of the Plaintiff not constituting an FLSA protected employee. However, there are many facts that weigh in favor of the Defendants being employers under the FLSA. The Defendants supervised the Plaintiff's work and ordered him to make corrections (Rec. Doc. 115-2). The Defendants told the Plaintiff when to start work and stop work each day (Rec. Doc. 115-2). The Plaintiff was told to work faster if his supervisor felt pressure to meet deadlines (Rec. Doc. 115-2). Furthermore, the Defendants controlled when and where the Plaintiff took lunch breaks in terms of both duration and location (Rec. Doc. 115-2). All of these facts could lead a reasonable jury to conclude that this factor is disputed.

2. <u>Relative Investments</u>

Under this factor courts engage in a comparative analysis between a worker's individual investment and that of the employer. *Hopkins*, 545 F.3d at 344. Defendants argue that because the

Plaintiff provided his own materials for his job with the Defendants that this factor weighs against them being employers under the FLSA. However, the Fifth Circuit had held that this factor did not weigh against skilled workers who purchased their own equipment because they were mostly paid for their services, not the use of their equipment. *Robicheaux v. Radcliff Material, Inc.*, 697 F.2d 662, 666-667 (5th Cir. 1983). Given the relevant case law, there is a material factual dispute regarding whether this factor weighs in favor of the Defendant or the Plaintiff.

3. Opportunity for Profit and Loss

Given the nature of the Plaintiff's assignment, to paint a hotel, there was not a significant opportunity to profit or suffer a loss. In the Fifth Circuit courts have also looked at whether a worker had the opportunity to profit through working more efficiently. *Lang v. DirecTV, Inc.*, 801 F. Supp. 2d 532, 539 (E.D. La. 2011). However, the Plaintiff was paid an hourly wage of $16.00 and would be paid the same regardless of how fast he completed his assignments. This factor does not support the Defendants motion for summary judgment.

4. Skill and Initiative

This factor is not discussed by the Defendants and does not weigh in their favor.

5. Permanency of the Relationship

8

Plaintiff worked for a seven month time commitment that would have continued had he not been terminated (Rec. Doc. 115-2). Plaintiff did not have a periodic work schedule but was regularly employed as evidenced by the fact that he worked for at least 28 weeks consecutively (Rec. Doc. 115). A reasonable jury could decide that it is a disputed fact regarding the permanency of the relationship between the Plaintiff and the Defendants.

S & S Defendants' Motion for Summary Judgment is not appropriate. There are numerous material facts in dispute that could lead to a difference of opinion between reasonable jurors.

New Orleans, Louisiana, this 4th day of May 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE