**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOSE CASTELLANOS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-2501** |
| **SAINTS & SANTOS CONSTRUCTION, L.L.C., ET AL.** | **SECTION "B"(2)** |

## ORDER AND REASONS

Before the court is Plaintiff Jose Castellanos' "Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of the Names and Addresses of the Potential Opt-In Plaintiffs" (Rec. Doc. 60) and Defendants' opposition thereto. (Rec. Docs. 74, 79). Further considering oral argument received on May 1, 2017 at 10:00 a.m., **IT IS ORDERED** that the motion is **GRANTED[1]. IT IS FURTHER ORDERED THAT:**

 1) The following class is conditionally certified for the purposes of Plaintiffs' collective action claims: "All employees of Saints & Santos Construction who performed or are performing manual labor for Saints & Santos Construction during the previous two years, January 2015 to May 2017, and who are eligible for overtime pay

---

[1] Since other orders dismissed Defendants Palmisano Contractors, LLC and Rufino's Painting and Construction Inc., this conditional class certification only applies to remaining Defendants Saints and Santos Construction, LLC and Wiliomar Oliveira.

pursuant to the FLSA, 29 U.S.C. § 207 and who did not receive full overtime compensation."

2) Parties are ordered to meet, confer, and thereafter submit to the Court a joint proposal of notice not later than seven (7) days after the entry of the Court's Order.

3) Defendants shall, within fourteen (14) days of the date of this Order, provide Plaintiff's counsel with all potential opt-in plaintiffs' names and last known mailing address.

4) Following submission of the notice to opt-in, Plaintiff Consent forms must be postmarked and deposited in the U.S. Mail on or before forty-five (45) following the first mailing of the Notice.

5) Each form shall be marked with the date received by counsel, and Consents to join will be treated as filed on the date marked, so long as they are filed with the Court within one week of the date marked.

Palmisano Contractors, LLC[2] ("Palmisano") is a general contractor that performed a construction project at the Ace Hotel. (Rec. Doc. 14). Palmisano had subcontracted certain work to Rufino's Painting and Construction, Inc. ("Rufino's.") (Rec. Doc. 32-2). In turn, Rufino's contracted out a portion of the project

---

[2] Defendant Palmisano was dismissed in this Court's February 24th, 2017 order (Rec. Doc. 93).

to Saints & Santos Construction, LLC ("S&S.") (Rec. Doc. 32-3). Plaintiff Jose Castellanos alleges he was not properly compensated for overtime while working for S&S at "various job sites in Louisiana."(Rec. Doc. 14).

Castellanos worked alongside numerous other workers at S&S jobsites. (Rec. Doc. 60-2). Castellanos' primary duties involved manual labor, sanding, painting, and installing drywall.(Rec. Doc. 60-2). Castellanos and his fellow workers, about 30 in total, had similar job duties, took similar breaks, and averaged between 55-60 hours of work per week. (Rec. Doc. 60-2; 60-3). Through conversations, Castellanos discovered other workers were not paid at overtime rates for hours worked in excess of 40. (Rec. Doc. 60-2). Among these workers include Jose Cruz who has opted-in as a Plaintiff. (Rec. Doc. 59)

After receiving a copy of the complaint, S&S assessed the overtime payments due to workers under hire at the Ace Hotel project and sent, through certified mail, checks for the unpaid overtime wages. (Rec. Docs. 79-1; 79-2; 79-3; 79-4; 79-5). Some of these checks were returned as undeliverable, others were delivered and not cashed, and some were delivered and cashed. (Rec. Docs. 79-1; 79-2; 79-3; 79-4; 79-5). S&S sent Castellanos a check through his counsel, but to date he has not cashed it. (Rec. Doc. 79). Cruz was also sent a check, but it was returned to S&S as undeliverable. (Rec. Doc. 79-4). Plaintiff now moves to certify a

conditional class of similarly situated individuals and provide them judicial notice of their eligibility to opt-in. (Rec. Doc. 60).

The Fair Labor Standards Act sets a general minimum wage for employees engaged in commerce. 29 U.S.C. §206(a)(1). Covered employers are required to compensate nonexempt employees at overtime rates for time worked in excess of statutorily defined maximum hours. 29 U.S.C. §207(a). The FLSA creates a cause of action for violations of provisions of the Act, which include the minimum wage and overtime provisions. 29 U.S.C. §216(b).

The Fair Labor Standards Act allows laborers the right to sue collectively on behalf of themselves and others similarly situated for overtime wage violations. 29 U.S.C. §216(b); *Hoffman La-Roche, Inc. v. Sperling*, 493 U.S. 165 (1989). Unlike a class action brought under Fed. R. Civ. Proc. 23, a collective action under the FLSA requires potential plaintiffs to "opt in." *Mooney v. Aramco Servs.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90-91 (2003). District courts have discretion, when appropriate, to facilitate notice to potential plaintiffs. *Hoffman-La Roche Inc.*, 493 U.S. at 169-170. District courts in the Fifth Circuit employ a two-step approach to determine whether a collective action should proceed. *Boudreaux v. Schlumberger Tech. Corp.*, Case No. 6:14-2267, 2015 WL 796602 at*4 (W.D. La. Feb. 25, 2015).

The first step is the notice stage, whereby the district court assesses whether or not putative class members are given notice and the opportunity to opt-in. *Donahue v. Francis Servs., Inc.*, Case No. Civ. A. 04-170, 2004 WL 1161366 at*1 (E.D. La. May 24, 2004). At this stage, it must be shown that the named representative and members of the potential class are similarly situated. *Green v. Plantation of Louisiana, LLC*, Case No. 2:10-0364, 2010 WL 5256354 at*3 (W.D. La. Nov. 24, 2010). In addition to being similarly situated, it must be shown there exist "substantial allegations that putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Mooney*, 54 F.3d at 1213-1214. The plaintiff's burden at this stage is "not particularly stringent." *Hipp v. Liberty National Life Ins. Co.*, 252 F.3d 1208, 1213 (11th Cir. 2001). The Fifth Circuit observed that because the court has minimal evidence at this stage, a conditional certification is viewed under a "fairly lenient standard." *Mooney*, 54 F.3d at 1214.

At the second stage, a defendant may file for a motion for decertification after more discovery has taken place. *Id.* at 1213-1214.

> At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-

5

in plaintiffs are dismissed without prejudice. The
class representatives-i.e. the original plaintiffs-
proceed to trial on their individual claims. *Id.* at
1214.

Here, the Plaintiffs have met the requirements for conditional class certification. Allegations contained in the complaint and declarations sufficiently allege S&S employees were not paid at the overtime rate for work in excess of 40 hours per week. (Rec. Docs. 14, 60-2, 60-3). Both Castellanos and Cruz state in their sworn declarations that other co-workers too were not paid at the overtime rate. (Rec. Docs. 60-2, 60-3). Further, the workers were similarly situated as they each performed similar duties, received about the same pay, and had similar schedules and breaks while working for S&S jobsites. (Rec. Docs. 60-2, 60-3). The alleged violations are not personal to the plaintiff, but stem from a common practice or policy regarding overtime pay. Given these facts and the lenient standard in deciding class certifications per *Mooney*, the FLSA class should be certified. Defendant's arguments concerning the impropriety of the conditional class are rejected (Rec. Doc. 74). Plaintiffs' proposed class is expressly limited to those workers for S&S (Rec. Doc. 60-1). As discovery proceeds, defendants may move to decertify or modify the conditionally certified class as defined if appropriate.

District courts have discretion to facilitate notice to potential opt-in plaintiffs in collective actions. *Hoffman La-Roche*, 493 U.S. at 174-175 (1989). Plaintiff's proposed notice (Rec. Docs. 60-5, 60-6) and Defendants' objection to certain language contained in the notice (Rec. Doc. 74) are best resolved by mutual agreement of the parties. The notice will also be facilitated by Defendants disclosing the names and last known address of the potential opt-in plaintiffs, which should be provided no less than two weeks after signing of the order. Recognizing that a 90-day opt-in period would interrupt the court's scheduling order, a 45-day opt-in period better serves the remedial provisions of the FLSA.

Defendant S&S contends the alleged FLSA violations are moot as a result of the settlement offers via checks. (Rec. Doc. 79-1). The Supreme Court has made clear that "an unaccepted settlement offer has no force." *Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663, 665 (2016). Absent Castellanos' acceptance, the settlement offer remained "only a proposal" binding neither party. *Id.* The action remains justiciable.

New Orleans, Louisiana, this 4th day of May 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE

7