UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSE CASTELLANOS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-2501** |
| **SAINTS & SANTOS CONSTRUCTION, L.L.C., ET AL.** | **SECTION "B"(2)** |

## OPINION

The issue of liquidated damages, fully briefed by the parties, is ripe for decision (Rec. Docs. 182 and 183). Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), provides that "any employer who violates the provisions of section 206 or section 207 of this title **shall be liable** to the employee or employees affected in the amount of their unpaid minimum wages . . . **and** in an additional equal amount as liquidated damages." *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468 (5th Cir. 1979)(emphasis added). However, the Court in its discretion may reduce the amount or decline to award liquidated damages at all "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended." 29 U.S.C. § 260.

Defendants contend they believed Plaintiffs were independent contractors and not employees within the meaning of the FLSA until

1

Plaintiff's filed suit.[1] Rec. Doc. 182. However, the Fifth Circuit is clear that an employer may not "rely on ignorance alone as Reasonable grounds for believing that its actions were not in violation of the Act." *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468–69 (5th Cir. 1979).

Here, Defendants acknowledged that shortly after initiation of this action they tendered unpaid overtime to plaintiffs, through their attorney's. Parties were eventually able to reach amicable resolution of all claims, reserving the instant liquidated damages issue for resolution by the Court on submitted briefs. While accepting Defendants' assertion they did not subjectively believe a violation of FLSA had occurred, the uncontested factual record and law established no reasonable grounds existed for such belief.[2] Defendants should however be afforded recognition of their efforts to mitigate the consequences of their unreasonable conclusions. Accordingly,

**IT IS ORDERED** that Defendants shall pay liquidated damages in **the amount of seven thousand and four hundred and thirty-nine dollars and thirty two cents ($7,439.32)**, to be divided between the seventeen (17) plaintiffs listed in Rec. Doc. 183-1, in

---

[1] *See* Rec. Doc. 24 denying Defendant's 12(b)(6) dismissal motion on employee versus independent contractor status. *See also* Rec. Doc. 128 denying Defendant's Summary Judgment motion relative to employee versus independent contractor status, finding material factual dispute on that issue.

[2] *Cf.*, *Chapman v. A.S.U.I. Healthcare & Dev. Ctr.*, 562 F. App'x 182, 185 (5th Cir. 2014).

proportion to their additional and duly awarded unpaid overtime wages. *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999).

New Orleans, Louisiana, this 13th day of June, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE