```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


JOSE CASTELLANOS, ET. AL.                    CIVIL ACTION


VERSUS                                       NO. 16-2501


SAINTS & SANTOS CONSTRUCTION,                SECTION "B"(2)
LLC, ET. AL.
```

# ORDER & REASONS

Before the Court are plaintiffs' Motion for Attorneys' Fees (Rec. Doc. 186), defendants' Opposition (Rec. Doc. 187), and Plaintiffs' Reply (Rec. Doc. 192), plaintiffs' Bill of Costs (Rec. Doc. 190), defendants' Opposition to plaintiffs' Bill of Costs (Rec. Doc. 193), and Clerk of Court Reasons for Taxation of Costs (Rec. Doc. 196). For the reasons below,

**IT IS ORDERED** that plaintiffs' motion for attorneys' fees and bill of costs are **GRANTED IN PART** and **DENIED IN PART**.

I.   **FACTS AND PROCEDURAL HISTORY**

This is a collective action to recover unpaid overtime wages. *See* Rec. Doc. 1 at 1. Specifically, plaintiff Jose Castellanos brought this action on behalf of himself and others similarly situated to recover unpaid overtime wages from Defendants Saints &

Santos Construction, LLC and Wiliomar Oliveira.[1] *See id*. Plaintiffs also sought to recover interest, liquidated damages, and attorneys' fees and costs. *See id*.

Almost three months after bringing this action and upon correcting a deficient filing, plaintiffs sought and were granted leave to amend their Complaint to add another company as a defendant. *See* Rec. Docs. 9, 11, 12, 13, 14. Plaintiffs later amended the Complaint a second time to add another company as a defendant. *See* Rec. Docs. 42, 44. It is important to note that several named defendants and claims of several plaintiffs were dismissed from the case. *See* Rec. Docs. 24, 90, 93, 128, 168, 169, 181.

In May 2017, after hearing oral argument, plaintiffs' motion for class certification was granted. *See* Rec. Doc. 129. The parties were instructed to confer and submit a joint proposed class notice. After coming to an agreement and with court approval, the class notice was sent out and an additional 16 former employees returned their consent form bringing the total number of plaintiffs to 27. As noted earlier, several plaintiffs were later dismissed from the class.

On January 10, 2018, the parties jointly reached an agreement on the amount of unpaid overtime wages due with the 17 remaining plaintiffs. However, the parties were unable to resolve whether

---

[1] Plaintiff Castellanos was employed as a general construction laborer by defendants. *See* Rec. Doc. 1 at 1.

plaintiffs were entitled to liquidated damages and attorneys' fees. After further briefings from all parties, an opinion was issued awarding $14,878.64 for unpaid overtime and $7,439.32 in liquidated damages, with fees and costs to be determined. *See* Rec. Docs. 179, 184. Thereafter, plaintiffs filed a motion for attorney's fees. *See* Rec. Doc. 186. Defendants filed a timely response in opposition, wherein they also sought fees on prevailing defenses. *See* Rec. Doc. 187. Plaintiffs replied. *See* Rec. Doc. 192.

Plaintiffs contend that, pursuant to the Fair Labor Standards Act ("FLSA"), they are entitled to attorneys' fees in the amount of $59,010.00 for 201.2 hours of attorney time. *See* Rec. Doc. 186-1. Plaintiffs argue that they are the prevailing parties in this case because the Court issued a judgment in their favor, entitling them to unpaid overtime wages and liquidated damages. *See id*. at 8 citing Judgment at Rec. Doc. 185. They further argue the reasonableness of claimed hourly rates and hours, contending no further adjustment of fees is warranted as counsel exercised billing judgment throughout the litigation. Plaintiffs did not document their costs in the instant motion.[2]

---

[2] However, the Court will still address the issue of costs. After filing the motion for fees, plaintiffs submitted a Bill of Costs in the amount of $2,272.55. *See* Rec. Doc. 190. On August 7, 2018 defendants filed an opposition, stating plaintiffs failed to sufficiently particularize costs. *See* Rec. Doc. 193. On October 1, 2018, the Clerk of Court submitted Reasons for Taxation of Costs in the amount of $1,966.69. *See* Rec. Doc. 196.

Defendants oppose the amount of attorneys' fees that plaintiffs seek, contending an across-the-board reduction is warranted. *See* Rec. Doc. 187-2 at 1. Specifically, defendants argue some fees are associated with claims involving eventually-dismissed defendants and eventually-dismissed putative class members. *See id*. at 3-5. Defendants also argue that they are entitled to attorneys' fees to recover costs expended in litigating against plaintiffs that were eventually dismissed. *See id*. at 4 (stating they were the prevailing parties as to claims made by plaintiffs who were eventually dismissed).

## II. LAW AND ANALYSIS

### A. FLSA Fee Shifting

In 1938, Congress enacted the FLSA to protect the laboring public from unfair labor practices. *See* 29 U.S.C. § 202. Pursuant to the FLSA, courts shall "allow a reasonable attorney's fee *to be paid by the defendant*, and costs of the action" when a judgment is awarded to the plaintiff. 29 U.S.C. § 216(b) (Emphasis added). Judgment was entered in favor of plaintiffs. *See* Rec. Doc. 185. Therefore, plaintiffs are entitled to reasonable attorneys' fees and costs to be paid by defendants to plaintiffs. *See e.g., Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001) ("[E]nforceable judgments on the merits and court-ordered consent decrees create the "material alteration of the legal

relationship of the parties" necessary to permit an award of attorney's fees."). However, it remains for this Court to determine what fees and costs, if any, are reasonable. Defendants offer no authority under FLSA for recovery of defense fees.

**B. Calculation of Lodestar**

Courts in this Circuit use the lodestar method for determining an appropriate attorney fee award under the FLSA. *See Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). The lodestar method consists of two steps. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The first step is to determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys. *See id.* The second step is to multiply the determined hours by the determined rate. *See id.* The resulting product is the lodestar. *See id.*

The lodestar may be accepted as is or adjusted. *See Johnson v. Georgia Highway Exp.,* 488 F. 2d 714, 717-19 (5th Cir. 1974). There are twelve factors to consider in establishing whether to accept or adjust the lodestar. *See id.* Those twelve factors are:

> (1) the time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation. And ability of counsel; (10) the undesirability

of the case; (11) the nature and length of the proceedings; and (12) awards in similar cases. *See id.*

However, "to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

### a. Reasonable Hours Expended

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended . . .." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In documenting the hours expended, attorneys should "exercise billing judgment by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards." *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008). "The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended." *Id.* Courts may eliminate hours that are excessive, duplicative, and too vague to permit meaningful review. *See Johnson v. Big Lots*, 639 F. Supp. 2d 696, 792 (E.D. La. 2009). Courts may also deduct time spent on unsuccessful or unnecessary pleadings, discovery, or memoranda. *See White v. Imperial Adjustment Corp.*, 2005 U.S. Dist. LEXIS 13382 *1, *34 (E.D. La. 2005).

The Fifth Circuit has held that "the most critical factor in determining an attorney's fee award is the degree of success obtained." *Black v. SettlePou, P.C.*, 732 F.3d 492, 503 (5th Cir. 2013) (citing *Saizan* at 799, and *Singer v. City of Waco*, 324 F.3d 813, 829-30 (5th Cir.2003)) (internal quotations omitted); *Ransom v. M. Patel Enterprises, Incorporated*, 734 F.3d 377, 387-88, 2013 WL 4402983, at *9. However, "[w]hile a low damages award is one factor which the court may consider in setting the amount of fees, this factor alone should not lead the court to reduce a fee award." *Saizan*, 448 F.3d at 799; *accord Singer*. Although the district court must explain its reasons for determining an award of attorney's fees, "the court need not explicitly calculate the lodestar to make a reasonable award." *No Barriers, Inc. v. Brinker Chili's Tex., Inc.*, 262 F.3d 496, 501 (5th Cir.2001).

The *Saizan* district and circuit courts approved reducing the loadstar amount by about $100,000 due to lack of billing judgment, failures to prevail on all claims, and a relatively low settlement of claims, leading to a fee award of $13,000. In another case, the Fifth Circuit rejected a defendant's argument that a $51,750 attorney's fees award on a judgment for about $4,700 in unpaid overtime wages was "excessive in the light of Plaintiffs' limited recovery". That rejection was premised upon finding that "[t]he district court properly calculated the lodestar amount and then properly considered the plaintiffs' limited recovery when it reduced

7

the lodestar amount by ten percent." *See Lucio-Cantu v. Vela*, 239 Fed.Appx. 866, 867–68 (5th Cir.2007) (per curiam); *Mauricio v. Phillip Galyen, P.C.*, 174 F. Supp. 3d 944, 951 (N.D. Tex. 2016), *accord Singer*, 324 F.3d at 830; and *Hollowell v. Orleans Reg'l Hosp. LLC*, 217 F.3d 379, 392 (5th Cir.2000).

Plaintiffs submit time records to establish entitlement to an attorney fee award.[3] *See* Rec. Doc. 186-2. The time records exhibit the following totals:

**Attorney Name: Billable Hours; Hours After Billing Judgment**

Emily Westermeier:   246.7; 189

William Beaumont:    11; 11

Roberto Costales:    2.2; 1.2

**Total Hours After Billing Judgment:    201.2**

Billing judgment refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours. *Walker v. U.S. Dept. of Hous. & Urban Dev.*, 99 F.3d 761, 770 (5th Cir.1996). Plaintiffs' counsel, to their credit, adjusted hours claimed after reductions for hours that counsel deemed unreasonable. *See* Rec. Doc. 186-2. However, after review of the time records, the Clerk's record and applicable law, we find further reduction is warranted. Specifically and in addition to reductions made by counsel, there

---

[3] In a document referred to as Joint Declaration of Plaintiffs' Counsel, plaintiffs state that they will submit additional time for time spent reviewing defendants' opposition and drafting plaintiff's reply. *See* Rec. Doc. 186-3 at 5. Plaintiffs never submitted such additional time, so the Court only recognizes the time submitted in the instant motion.

are other unreduced time entries concerning time spent on unsuccessful or unnecessary pleadings.[4] Other similar entries concern time spent on eventually-dismissed defendants and eventually-dismissed putative class members.[5] See *Hensley*, 461 U.S. at 426 (stating that if a plaintiff has achieved only partial success, the product of hours reasonably expended on the litigation may be excessive and this will be true even where the plaintiff's claims were interrelated and raised in good faith).

Accordingly, an additional ten percent reduction will be applied to the adjusted hours that plaintiffs submitted. *See Pruett v. Harris County Bail Bond Dd.*, 499 F.3d 403, 418 (5th Cir. 2007) (stating that courts may use their equitable discretion to reduce an award). The reasonable number of hours expended on the litigation are as follows:

**Attorney Name: Hours After Partial Billing Judgment; Reasonable Hours**

Emily Westermeier:   189; 170.1

William Beaumont:    11; 9.9

Roberto Costales:    1.2; 1.08

**Total Reasonable Hours:            181.08**

---

[4] *See e.g.*, Rec. Doc. 186-2 at 4 (time entries for drafting an opposition to summary judgment filed by an eventually dismissed defendant). Only partial success was reached on liquidated damages.

[5] *See e.g., id.* at 4, 33 (numerous time entries for the drafting of discovery responses for opt-in plaintiffs-in September 30, 2017, October 2, 2017, October 3, 2017-who were eventually dismissed).

**b. Reasonable Hourly Rate**

Reasonable fees are calculated based on the prevailing market rate in the relevant community for similar services by attorneys of reasonably comparable skill and experience. *See Blum v. Stetson*, 465 U.S. 886, 895 (1984). "Determination of the reasonable hourly rate for a particular community is generally established through affidavits of other attorneys practicing there." *Chisholm v. Hood*, 90 F. App'x 710 (5th Cir. 2004). The determination of rates are performed on a case-by-case basis. *See id.* Reference to other fee awards in the pertinent jurisdiction can also be helpful.

To establish that the hourly rates plaintiffs' counsel seek are commensurate with their skill and experience, plaintiffs submit a joint declaration and fee awards in this district. *See* Rec. Doc. 186-1 at 10; Rec. Doc. 186-3.[6] Three attorneys worked on behalf of plaintiffs. According to plaintiffs' submissions, Ms. Emily Westermeier was an associate attorney with three years' experience at the time of filing this motion. She seeks a rate of $250 per

---

[6] See, e.g., Wagner v. Boh Bros. Const. Co., LLC, No. 11-2030-JCW, 2012 WL 3637392 at *16 (E.D. La. Aug. 22, 2012) (in employment discrimination case, awarding 2012 hourly rates of $275 for attorney with **10 years experience**, $235 for attorney with **4 years experience**); Cox v. Precision Surveillance Org., No. 13-6600-IRLR-DEK, 2014 WL 1785350 at *2 (E.D. La. May 5, 2014) (awarding 2014 hourly rate of $275 for attorney with **10 years experience**); Foley v. SAFG Ret. Servs., Inc., No.. 10-2827-JTM-DEK, 2012 WL 956499 at *2 (E.D. La. Mar. 20, 2012) (awarding 2012 rate of $275 for associate with **8 years experience**). Johnson v. Big Lots Stores, Inc., 639 F. Supp. 2d 696 (E.D. La. 2009) (awarding $300/hour for partners, $225/hour for associates); Foley v. SAFG Retirement Servs., Inc., Civ. A. No. 10-2827, 2012 WL 956499 (E.D. La. Mar. 20, 2012) ($275/hour for attorney with **eight years experience**).
**(Emphasis added to compare with attorneys experience here of seven and three years)**

hour.[7] *See* Rec. Doc. 186-1 at 9. Ms. Westermeier was employed by Mr. William Beaumont and Mr. Roberto Costales. *See id*. Mr. Beaumont and Mr. Costales each have been practicing seven years at the time of filing this motion. *See id*. They have experience in FLSA and class action cases including collective actions. *See id*. All three attorneys attest to declining other employment based in part on the time necessary to prosecute this case. *See id*. Beaumont and Costales seek a rate of $300 per hour. *See id*. Movants did not submit affidavits from other attorneys as further evidence of customary rates charged or awarded in this district.[8]

There were other instructive cases from this district on customary rates for attorneys. See, e.g., *Smith v. Manhattan Mgmt. Co., LLC*, No. CV 14-2623, 2016 WL 915272, at *2 (E.D. La. Mar. 10, 2016) (approving a rate of $200 per hour); *Altier v. Worley Catastrophe Response, LLC*, No. CIV.A. 11-241, 2012 WL 161824, at *22 (E.D. La. Jan. 18, 2012) (approving hourly rates ranging from $150 per hour to $400 per hour for ten attorneys involved in the case); *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 701–02 (E.D. La. 2009) (approving a rate of $300 per hour for partners and $225 per hour for associates); *Ducote Jax Holdings, L.L.C. v. Bank One*

---

[7] On September 27, 2018, Ms. Westermeier was withdrawn as co-counsel of record. *See* Rec. Doc. Nos. 194, 195.
[8] The Fifth Circuit has noted that a court is itself an expert in attorneys' fees and "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value." *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir.1940).

*Corp.*, 2007 WL 4233683 (E.D.La. Nov. 28, 2007), affirmed in part, reversed in part on other grounds, 335 Fed.Appx. 392 (5th Cir.2009) (unpublished) (Civil RICO case where Judge Fallon awarded New Orleans attorney with 14 years' experience fees of $175 per hour). Interestingly in 2016, Magistrate Judge Wilkinson considered the work of Messrs. Beaumont and Costales in another FLSA case and reduced the hourly rate from the requested $250 to $200 per hour. *See Calix v. Ashton Marine LLC*, No. CV 14-2430, 2016 WL 4194119, at *6 (E.D. La. July 14, 2016), report and recommendation adopted, No. CV 14-2430, 2016 WL 4180977 (E.D. La. Aug. 8, 2016). Judge Wilkinson found the proposed rates were "excessive for both Beaumont and Costales at [what he referred to as] an early stage of their careers as FLSA lawyers." Id. at *5. The latter action also gave helpful analysis of customary rates awarded in other cases. See also *Esparza v. Kostmayer Constr., LLC,* No. CV 15-4644, 2017 WL 4621107, at *3 (E.D. La. Sept. 26, 2017), report and recommendation adopted, No. CV 15-4644, 2017 WL 4574416 (E.D. La. Oct. 13, 2017) (awarding instant attorneys hourly rates between $200 to $250, in part because of no objections and review of customary rates).

Based on a review of the case law in this area, the Court finds that the prevailing rate in this market for an attorney with Ms. Westermeir's level of experience (3 years) is typically between $150 to $200 per hour. See, e.g., *Carrier v. Weber Prop. Grp., L.L.C.*, No. 16-6648, 2017 WL 4232535, at *4 (E.D. La. June 14, 2017)

12

(Wilkinson, M.J.) ($150 for an associate with 4 years of experience); Compare also *Wilson v. Tulane Univ.*, Civ. A. No. 09-7451, 2010 WL 3943543 (E.D. La. Oct. 4, 2010) (awarding $250.00/hour and $160.00 hour to attorneys with 25 and four years' experience respectively); *Gulf Coast Facilities Mgmt, L.L.C. v. BG LNG Servs., L.L.C.,* Civ. A. No. 09-3822, 2010 WL 2773208 (E.D. La. July 13, 2010) (awarding $300.00/hour to attorneys with 17 years' experience and $180.00/hour and $135.00/hour to attorneys with seven years and two years' experience respectively). However, given this and other case authority cited above, and Ms. Westermeir's substantial work in this case on successful claims, we find an hourly rate of $175 would be reasonable.

In similar cases in this district, Messrs. Beaumont and Costales were awarded hourly rates ranging from $200 to $250. *See: Calix v. Ashton Marine LLC*, No. CV 14-2430, 2016 WL 4194119, at *6 (E.D. La. July 14, 2016), report and recommendation adopted, No. CV 14-2430, 2016 WL 4180977 (E.D. La. Aug. 8, 2016); *Banegas v. Calmar Corp.*, No. CV 15-593, 2016 WL 6276779, at *2 (E.D. La. Oct. 27, 2016). Considering the latter two cases as well all other cases infra and noting again their limited roles and work performed in this action, we find they should be compensated at a reasonable hourly rate of

$250 per hour. Additional case reviews further support the latter finding.[9]

The reasonable hourly rates are thusly summarized for each attorney below:

| **Attorney Name:** | **Rate** |
| --- | --- |
| Emily Westermeier: | $175 per hour |
| William Beaumont: | $250 per hour |
| Roberto Costales: | $250 per hour |

### c. Johnson Factors

In analyzing the lodestar, the Court considered the *Johnson* factors. The consideration resulted in a reduction of the reasonable hours expended in this litigation. There is no need for the Court to reconsider the *Johnson* factors for a second time. *See Migis*, 135 F.3d at 1056.

---

[9] See e.g., *Sanchez v. Pizzati Enters., Inc.*, No. 17-9116, 2018 WL 3954866, at *4 (E.D. La. Aug. 16, 2018) (Brown, C.J.) (finding $325 to be a reasonable hourly rate for an attorney with 15 years of labor and employment experience); *M C Bank & Trust Co. v. Suard Barge Serv., Inc.*, No. 16-14311, 2017 WL 6344021, at *2 (E.D. La. Dec. 12, 2017) (Vance, J.) (finding that $350 was a reasonable hourly rate for an attorney with over 17 years of experience, with particular expertise in the area of mortgaged vessels); *Parkcrest Builders, LLC v. Hous. Auth. of New Orleans*, No. 15-1533, 2017 WL 4682297, at *2 (E.D. La. Oct. 18, 2017) (Roby, M.J.) (finding $225 to be a reasonable hourly rate for a managing partner with 35 years of construction law experience); *Curry v. Lou Rippner, Inc.,* No. 14-1908, 2016 WL 236053, at *6 (E.D. La. Jan. 20, 2016) (Brown, J.) (finding that $210 was a reasonable hourly rate for a founding partner with more than 15 years of experience); *Norris v. Causey*, No. 14-1598, 2016 WL 1046101, at *9 (E.D. La. Mar. 16, 2016) (Barbier, J.) (finding that $250 was a reasonable hourly rate for an attorney with 31 years of experience); *Alfasigma USA, Inc. v. EBM, et al*, 2018 WL 3869496, at *4 (E.D. La. Aug. 15, 2018) (Roby, M.J.) (finding that $325 per hour was a reasonable rate for an attorney with 23 years of specialized experience in products liability litigation); *Warder v. Shaw Group, Inc.,* No. 09-4191, 2016 WL 3447950, at *3 (E.D. La. June 23, 2016) (Knowles, M.J.) ($300.09 for an associate with 20 years of experience); and *Drs. Le and Mui, Family Med. v. St. Paul Travelers*, No. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007) (Roby, J.) (awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience).

**C. Costs**

Plaintiffs' counsel submitted a bill of costs in the amount of $2,272.55 for costs and expenses incurred throughout this litigation. *See* Rec. Doc. 190. 28 U.S.C. § 1920 provides that a court may tax the following costs:

> [F]ees of the clerk and marshal; fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and copies of papers necessarily obtained for use in the case; docket fees; compensation of court-appointed experts, interpreters, and special interpretation services.

*Mota v. Univ. of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001). Plaintiffs' counsel seek the following costs:

| | |
|---|---|
| Filing Fees: | $400.00 |
| Services Fees: | $275.86 |
| Transcript Fees: | $870.55 |
| Printing Fees: | $696.14 |
| Other Costs: | $30.00 |

Upon review of defendants' Opposition to plaintiffs' Bill of Costs and the Clerk of Court's Reasons for Taxation of Costs, the Court finds that only $1,996.69 are recoverable. *See* Rec. Doc. 196 at 3-4 (stating that investigative services are not taxable, the process server did not charge a fee for service, and costs incurred for renting a conference room are not taxable).

**III. CONCLUSION**

Accordingly,

**IT IS ORDERED** that the motion for attorneys' fees is **GRANTED IN PART** and **DENIED IN PART**. Defendants are hereby ordered to pay $32,512.50 in reasonable fees[10] and $1,996.69 in recoverable costs, for a total of $34,509.19.

New Orleans, Louisiana, this 25th day of March, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[10] The calculation of the lodestar follows:

| **Attorney Name:** | **Reasonable Hours x Rate = Total** |
|---|---|
| Emily Westermeier: | 170.1 x $175 per hour = $29,767.50 |
| William Beaumont: | 9.9 x $250 per hour = $2,475.00 |
| Roberto Costales: | 1.08 x $250 per hour = $270.00 |
| ***Total:*** | **$32,512.50** |